# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00210-CV

---

### B. G., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 20-0045-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

B.G. appeals from the trial court's order terminating her parental rights to her child. *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that several statutory grounds existed for terminating B.G.'s parental rights and that termination was in the child's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (P), (b)(2).

Appellant's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to

be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Appellant's counsel has certified to this Court that he has provided B.G. with a copy of the *Anders* brief and informed her of her right to receive a copy of the entire appellate record and file a pro se brief. Appellant filed a request with this Court to access the appellate record, and this Court provided her with a complete copy of the record, also granting her motion to extend time to file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by appellant. To date, appellant has not filed a pro se brief despite expiration of the extension period this Court granted.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have specifically reviewed the trial court's findings as to B.G. under parts (D) and (E) of Family Code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code"). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support B.G.'s appeal. We agree with appellant's counsel that the appeal is

frivolous and without merit. Accordingly, we affirm the trial court's order terminating the parental rights of B.G. We deny counsel's motion to withdraw.[1]

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Filed: August 17, 2021

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to B.G. have not yet been discharged. *See id.* If after consulting with counsel appellant desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*